UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL DAVIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 04-11851-WGY |
| v. ) | |
| ) | |
| SUFFOLK COUNTY, SUFFOLK ) | |
| COUNTY SHERIFF'S ) | |
| DEPARTMENT AND ANDREA ) | |
| CABRAL (in her official capacity), ) | |
| ) | |
| Defendants ) | |

**ANSWER OF DEFENDANTS SUFFOLK COUNTY AND ANDREA CABRAL**

Now come defendants Suffolk County and Andrea Cabral, who answer the separately numbered paragraphs of the plaintiff's complaint as follows:

**PARTIES**

1. Defendants admit that department records indicate that Paul Davis resided in Mansfield, Massachusetts, but deny the remaining allegations of ¶ 1.

2. Defendants state that no answer is necessary to ¶ 2 as defendant Suffolk County Sheriff's Department was dismissed from this action.

3. Defendants admit that Suffolk County is a Massachusetts county government, and state that the remaining allegations of ¶3 are conclusions of law to which no response is required. To the extent that a response is required, the remaining allegations are denied.

4. Defendants admit that Andrea Cabral has been the Sheriff of Suffolk County since November 29, 2002, and that she was appointed to the position

following the retirement of then Sheriff Richard Rouse. Defendants admit that Sheriff Cabral, a resident of the Commonwealth of Massachusetts, is ultimately responsible for the overall operation of the Sheriff's Department, which includes the House of Correction and Jail, and is also ultimately responsible for establishment of policies. The remaining allegations of ¶ 4 are denied.

## JURISDICTION AND VENUE

5. Defendant states that ¶5 states a conclusion of law to which no response is required.

6. Defendant states that ¶6 states a conclusion of law to which no response is required.

## BACKGROUND

7. Denied.

8. Defendants admit that the quoted language included in ¶ 8 is included in the report of the Special Commission, but deny the remaining allegations of ¶8.

9. Denied.

10. Defendants deny that their conduct violated any state or federal laws and are without sufficient information to admit or deny the remaining allegations of ¶ 10.

## STATEMENT OF FACTS

11. Defendants are without sufficient information to admit or deny the allegations of ¶ 11.

12. Denied.

13. Denied.

14. Denied.

15. Defendants admit that a jury awarded Bruce Baron $500,000.00 in emotional distress damages by deny the remaining allegations of ¶ 15.

16. Defendants are without sufficient information to admit or deny the allegations of ¶ 16.

17. Denied.

18. Defendants admit that Paul Davis has acknowledged involvement in at least the four incidents cited in ¶ 18.

19. Defendants are without sufficient information to admit or deny the allegations of ¶ 19.

20. Defendants admit that Davis has acknowledged writing reports he knew to be false, but are without sufficient information to admit or deny the remaining allegations of ¶ 20.

21. Defendants admit that Davis has acknowledged providing false information to a Department investigator, but are without sufficient information to admit or deny the remaining allegations of ¶ 21.

22. Denied.

23. Defendants are without sufficient information to admit or deny the allegations of ¶ 23.

24. Denied.

25. Defendants are without sufficient information to admit or deny the allegation contained in ¶ 25.

26. Defendant states that ¶ 26 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations of ¶ 26.

27. Defendants are without sufficient information to admit or deny the allegations of ¶ 27.

28. Defendants admit that Davis testified under oath in the trial of <u>United States v. Eric Donnelly et al.</u>, that they had received a letter from United States Attorney Michael Sullivan dated April 22, 2003, and that Davis was terminated. Defendants are without sufficient information to admit or deny the remaining allegations o f¶ 28.

29. Defendants state that ¶ 29 states a conclusion of law to which no response is required. To the extent that a response is required, the allegations of ¶ 29 are denied.

30. Defendants admit that, at the request of then Sheriff Richard Rouse, the Acting Governor Jane Swift convened a special commission to investigate and report on the Suffolk County Sheriff's Department. Defendants are without sufficient information to admit or deny the remaining allegations of ¶ 30.

31. Defendants state that the Report of the Special Commission speaks for itself with respect to whether a particular phrase is included therein.

32. Defendants state that the Report of the Special Commission speaks for itself with respect to whether a particular phrase is included therein.

33. Defendants state that the Report of the Special Commission speaks for itself with respect to whether a particular phrase is included therein.

34.  Defendants state that the Report of the Special Commission speaks for itself with respect to whether a particular phrase is included therein.

35.  Denied.

36.  Defendants admit that after learning that Davis had acknowledged in his trial testimony that he had submitted several false reports, both oral and written, concerning the excessive use of force on detainees at the jail, that he was placed on administrative leave. Defendants further admit that Chief of Staff Elizabeth Keeley presided over Davis' disciplinary hearing and that he was terminated via a letter dated July 15, 2003.

37.  Defendants admit that materials from Davis' training file were submitted as exhibits at his disciplinary hearing, but are without sufficient information to admit or deny the remaining allegations of ¶ 37.

38.  Defendants state that the Report of the Special Commission speaks for itself with respect to whether a particular phrase is included therein.

39.  Denied.

40.  Denied.

40(a)  Denied.

41.  Denied.

42.  Defendants are without sufficient information to admit or deny the allegations of ¶ 42.

43.  Denied.

44.  Denied.

## Count I

45. Defendants state that no response is required to ¶ 45.

46. Defendants admit that M.G.L. c. 148 § 185 is a law intended to protect whistleblowers, but deny the remaining allegations of ¶ 46.

47. Denied.

48. Denied.

## Count II

49. Defendants state that no response is required to ¶ 49.

50. Denied.

51. Denied.

52. Defendants are without sufficient information to admit or deny the allegations of ¶ 52.

53. Denied.

## Count III

54. Defendants state that this Count has been merged into Count I and that no response is therefore required. To the extent that a response is required, the allegations are denied.

55. Defendants state that this Count has been merged into Count I and that no response is therefore required. To the extent that a response is required, the allegations are denied.

56. Defendants state that this Count has been merged into Count I and that no response is therefore required. To the extent that a response is required, the allegations are denied.

57. Defendants state that this Count has been merged into Count I and that no response is therefore required. To the extent that a response is required, the allegations are denied.

58. Defendants state that this Count has been merged into Count I and that no response is therefore required. To the extent that a response is required, the allegations are denied.

## Count IV

59. Defendants state that Count IV has been dismissed by this Court so that no response is required.

60. Defendants state that Count IV has been dismissed by this Court so that no response is required.

61. Defendants state that Count IV has been dismissed by this Court so that no response is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted.

2. The plaintiff is estopped from disputing that his misconduct violated department policy and warranted termination.

3. The plaintiff's actions in speaking with federal authorities and testifying at trial do not insulate him from the consequence of violating department policies.

4. The plaintiff has failed to exhaust his administrative remedies.

5. The plaintiff is esteppoed from recovering damages against defendant because of his own action.

6. Plaintiff is not entitled to punitive damages in this action.

7. Defendants are entitled to attorneys fees and costs in accordance with M.G.L. c. 149 § 185(e)(1) and (2).

Defendants demand a trial by jury on all claims so triable.

            Respectfully submitted for all
            DEFENDANTS,
            By their attorney

            /s/ James M. Davin

            James M. Davin, BBO # 566973
            Deputy General Counsel
            Suffolk County Sheriff's Dept.
            200 Nashua Street
            Boston, MA 02114
            (617) 989-6679