UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL DAVIS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SUFFOLK COUNTY, SUFFOLK )<br>COUNTY SHERIFF'S )<br>DEPARTMENT AND ANDREA )<br>CABRAL (in her official capacity), )<br>)<br>Defendants ) | Civil Action No. 04-11851-WGY |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DEADLINES PURSUANT TO THE JOINT DISCOVERY PLAN FILED UNDER FED.R.CIV.P.16(b) AND L.R.16.1**

Defendants submit this opposition to plaintiff's motion to extend certain deadlines contained in the parties' joint discovery plan.

**Introduction**

The Plaintiff is a former jail officer who was terminated after *admitting to* numerous instances of submitting false reports concerning the use of excessive force against inmates; lying to supervisors concerning the use of excessive force against inmates; lying to Sheriff's Department investigators about the use of excessive force against inmates; and generally taking affirmative steps to cover up the excessive use of force against inmates that he personally witnessed at the hands of other jail officers.[1] Each of the Plaintiff's *admitted* acts and omissions is a clear violation of department policy, and is completely at odds with the Department's mission to provide for the CARE and CUSTODY of inmates.

---

[1] His admissions were made in the Spring of 2003 during the course of testimony in the criminal trial of United States v. Donnelly et al., and, subsequently, during internal disciplinary proceedings at the Sheriff's Department.

The Plaintiff brought suit against Sheriff Andrea Cabral (in her official capacity), Suffolk County Sheriff's Department, and Suffolk County.  The Complaint contains four counts:  Count I (alleged violation of M.G.L. c. 149 § 185) against Defendants Suffolk County and the Suffolk County Sheriff's Department; Count II (alleged violation of 42 U.S.C. § 1983) against all defendants; Count III (alleged termination in violation of public policy) against Defendants Suffolk County and the Suffolk County Sheriff's Department; and Count IV (alleged violation of M.G.L. c. 12 §§ 11H and 11I) against all defendants.  In ruling on Defendants' Motion to Dismiss, the Court took the following action:  Count IV was dismissed; Counts I and III were merged together; and all counts against "the Suffolk County Sheriff's Department" were dismissed.  The Motion was otherwise denied.

On or about January 26, 2005, the parties submitted a Joint Discovery Plan, which contains the deadlines plaintiff now wishes to extend.  The parties have exchanged automatic disclosures, and have served and responded to paper discovery (interrogatories, requests for documents and request for admissions) within the time frame of their Joint Discovery Plan.  No depositions have been noticed or taken in this matter.[2]

Plaintiff now seeks to extend the deadline for the taking of depositions from July 11, 2005 to September 15, 2005, a period of approximately 65 days.  Plaintiff also seeks to move the deadline for the submission of dispositive motions from September 15, 2005 to October 14, 2005, a period of approximately only 29 days.  He does not ask the Court to move the deadline for the disclosure of experts, currently scheduled for July 15, 2005 (plaintiff) and August 12, 2005 (defendants).  Defendants maintain the plaintiff's proposed revisions are not reasonable given the current schedule of this case.

---

[2] Plaintiff's motion does not identify the identity of any specific person he wishes to depose or provide a reason why such deposition could not have been taken during the period agreed upon in the Joint Discovery Plan, aside from the general statement that counsel has been occupied with other criminal matters before the Court.

This case is currently scheduled for a final pre-trial conference on October 3, 2005 and for trial on November 7, 2005.[3]  If defendants filed a motion for summary judgment on the October 14, 2005 deadline, there would barely be time for plaintiff to file an opposition prior to trial, let alone sufficient time to the Court to consider and rule on the motion.  Additionally, where the Joint Discovery Plan contemplated approximately two months for the submission of dispositive motions subsequent to the completion of fact discovery, plaintiff's motion would cut that time period in half, leaving defendants approximately only one month after the proposed September 15, 2005 deadline.  The extension of the deadlines would also require expert disclosures being made without the benefit of all discovery, another matter not contemplated by the Joint Discovery Plan.

Defendants oppose the motion as drafted.  If the Court were to extend all current deadlines proportionately, including the pre-trial conference and trial date, they would not object to plaintiff's motion to extend discovery by these two months.  Absent the Court's willingness to extend all such deadlines, however, Defendants ask that the Joint Discovery Plan be followed and that plaintiff's motion be denied.

    Respectfully submitted for all
DEFENDANTS,
By their attorney

/s/_James M. Davin_____
James M. Davin, BBO # 566973
Deputy General Counsel
Suffolk County Sheriff's Dept.
200 Nashua Street
Boston, MA 02114
(617) 989-6679

---

[3] Additionally, the parties had agreed to submit the matter to mediation.  It has been assigned to the Honorable Joyce Alexander, and is currently scheduled for November 15, 2005, approximately one week after the scheduled trial date.